RECEIVED
JUN 28 2018
BY MAIL

FILED
JUN 28 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
APR 20 2018
ARTHUR JOHNSTON
BY_____ DEPUTY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC,<br><br>Defendants, | Case No. 3:18-cv-252-DPJ-FKB<br><br>JURY DEMAND |

## COMPLAINT

Plaintiff, Securities and Exchange Commission (the "Commission"), files its complaint and alleges that:

## SUMMARY

1. Beginning in approximately 2004, Defendant Arthur Lamar Adams ("Adams"), through his wholly-owned company, Madison Timber Properties, LLC ("MT Properties"), committed securities fraud by operating a Ponzi scheme. Adams and MT Properties have raised at least $85 million from over 150 investors in multiple states.

2. Adams told investors that their money would be used by MT Properties to acquire timber-harvesting rights from various land owners on behalf of investors. The company allegedly would later harvest the timber and pay investors with the profits. In fact, Adams operated the venture as a Ponzi scheme, paying earlier investors with funds obtained from newer investors. He also used invested funds for a variety of inappropriate ends, including personal expenses and to fund real estate investments.

3. By the conduct detailed in this Complaint, Adams and MT Properties violated Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder. Unless enjoined, Adams and MT Properties are likely to commit such violations again in the future.

4. The Commission seeks a judgment from the Court: (a) freezing defendants' assets pending final adjudication of the Commission's claims; (b) finding that Adams and MT Properties violated the antifraud provisions of the federal securities laws; (c) enjoining Adams and MT Properties from engaging in future violations of the antifraud provisions of the federal securities laws; (d) ordering Adams and MT Properties to disgorge his ill-gotten gains described herein, with prejudgment interest; and (e) ordering Adams and MT Properties to

pay a civil monetary penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)].

## JURISDICTION AND VENUE

5. The Commission brings this action pursuant to Sections 20(b) and 20(d) of the Securities Act [15 U.S.C. §§ 77t(b) and 77t(d)] and Section 21(d) the Exchange Act [15 U.S.C. § 78u(d)].

6. The Court has jurisdiction over this action pursuant to Sections 20(b), 20(d) and 22(a) of the Securities Act [15 U.S.C. §§ 77t(b), 77t(d), and 77v(a)], and Sections 21(d), 21(e), and 27 of the Exchange Act [15 U.S.C. §§ 78u(d), 78u(e), and 78aa].

7. Adams and MT Properties, directly or indirectly, used the means or instruments of interstate commerce, the mails, or the facilities of a national securities exchange in connection with the acts described herein.

8. Venue is proper under Section 22 of the Securities Act [15 U.S.C. § 77v], Section 27 of the Exchange Act [15 U.S.C. § 78aa] and 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims made herein occurred in the Southern District of Mississippi. In addition, Adams resides in, and MT Properties has its principal place of business in, Madison MS, which is within the Southern District.

## DEFENDANTS

9. **Arthur Lamar Adams**, age 58, lives in Madison, Mississippi. He is the founder and president of MT Properties.

10. **Madison Timber Properties, LLC** is a Mississippi limited liability company that has its principal place of business in Madison, Mississippi. It is wholly-owned by Adams.

## STATEMENT OF FACTS

11. MT Properties purports to be a timber harvesting company.

12. Starting in at least 2004, Defendants began raising funds through the sale of promissory note investments. The sale of these promissory notes has continued until April 19, 2018.

13. In general, the promissory notes are for a one-year period and offer an annual return of 12%-15%, which is paid back over the course of the year. At the end of the year, investors can either have their principle returned or rolled over into a new investment.

14. When soliciting investors, Defendants told investors that MT Properties would use the funds to secure and harvest timber from specific tracts of land that owned by third parties. The tracts of land were usually located in Alabama, Florida, or Mississippi.

4

15. Defendants also told investors that they would generate the investment returns from the sale of the harvested timber. Finally, many investors were told that they had the sole rights to the specific land tracks, and that no one else would be able to harvest the timber on that land.

16. The Proposed Defendants raised at least $85,000,000 through the sale of these securities to approximately 150 investors located primarily in the southeastern United States.

17. As part of this "Timber Scheme" the Proposed Defendants provides the investor with a (1) promissory note; (2) timber deed and cutting agreement; (3) security agreement; (4) tract summary that includes the value of the timber on the property; and (5) a title search certificate.

18. MT Properties never obtained the harvesting rights to the land as claimed. In most cases, Adams forged the timber deed and cutting agreements. Adams also forged the documents purportedly showing the value of the timber on the land tracks. Further, Adams would pledge the same land tracts (which he did not actually have the rights to) to multiple parties. Finally, in most cases, the specific land tracks did not have the value of timber as promised or did not in fact have any harvestable timber.

19. Instead of using the investor funds generated by the Timber Scheme to acquire timber rights and harvest the timber, Adams used the funds for his own

benefit. Additionally, Adams began constructing real estate developments near Oxford and Starkville, Mississippi. Investors were not told about this real estate development and had no knowledge that their funds would be used support it. Further, the investors have no legal interest in the real estate developments.

20. In addition, Defendants used funds from new investors to pay the returns owed to existing investors.

## COUNT I – FRAUD IN THE PURCHASE OR SALE OF SECURITIES

**Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder
[15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5]**

21. The Commission realleges and reincorporates paragraphs 1 through 20 as if fully set forth herein.

22. Since approximately 2004, Defendants, in connection with the purchase or sale of securities, by use of means or instrumentalities of interstate commerce or of the mails, or of any facility of any national securities exchange, directly or indirectly:

(a) made untrue statements of material facts and omitted to state facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading; or

(b) engaged in acts, practices or courses of business which operated or would operate as a fraud or deceit.

6

23. Defendants' misrepresentations, omissions, and acts, practices or courses of business which operated as a fraud or deceit were material.

24. Defendants acted with scienter by knowingly or with severe recklessness making the above-referenced misrepresentations and omissions, and engaging in acts, practices or courses of business which operated as a fraud or deceit.

25. By reason of the actions alleged herein, Defendants violated Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

## COUNT II – FRAUD IN THE OFFER OR SALE OF SECURITIES

### Violations of Section 17(a) of the Securities Act
### [15 U.S.C. § 77q(a)(1)]

26. The Commission realleges and reincorporates paragraphs 1 through 20 as if fully set forth herein.

27. Since approximately 2004, Defendants, directly or indirectly, in the offer or sale of securities, by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, employed a device, scheme or artifice to defraud.

28. Defendants' misrepresentations, omissions, and acts, practices or courses of business which operated as a fraud or deceit were material.

7

29. Defendants acted with scienter by knowingly or with severe recklessness making the above-referenced misrepresentations and omissions, and engaging in acts, practices or courses of business which operated as a fraud or deceit. Defendants also acted negligently.

30. By reason of the actions alleged herein, Defendants violated Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)].

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that the Court enter a judgment:

(i) finding that Defendants violated the antifraud provisions of the federal securities laws as alleged herein;

(ii) permanently enjoining Defendants from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5];

(iii) freezing defendants' assets, expediting discovery and preventing the destruction of documents pending resolution of this litigation

(iv) ordering Defendants to disgorge their ill-gotten gains and to pay prejudgment interest thereon;

(v) ordering Defendants to pay a civil monetary penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d); and

(vi) granting such other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Commission demands trial by jury in this action of all issues so triable.

Dated this 20th day of April, 2018.

                              Respectfully submitted,

                              *s/ W. Shawn Murnahan*
                              W. Shawn Murnahan
                              Senior Trial Counsel
                              Georgia Bar No. 529940
                              Tel: (404) 842-7669
                              Email: murnahanw@sec.gov

                              M. Graham Loomis
                              Regional Trial Counsel
                              Georgia Bar No. 457868
                              Tel: (404) 842-7622
                              Email: loomism@sec.gov

                              Justin Delfino
                              Senior Counsel
                              Georgia Bar No. 570206
                              Tel: (404) 942-0698
                              Email: delfinoj@sec.gov

                              COUNSEL FOR PLAINTIFF

Securities and Exchange Commission
Atlanta Regional Office
950 East Paces Ferry Road, N.E., Suite 900
Atlanta, GA 30326-1382
Tel (main): (404) 842-7600
Fax: (703) 813-9364

OF COUNSEL

D. Michael Hurst, Jr.
United States Attorney

*s/Kristi H. Johnson*
Kristi H. Johnson
Assistant United States Attorney
MS Bar No. 102891

Marc Perez
Assistant United States Attorney
WA Bar No. 33907

Civil Division
United States Attorney's Office
Southern District of Mississippi
501 East Court Street, Suite 4-430
Jackson, MS 39201
Tel: (601) 973-2887
Fax: (601) 965-4409

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

3:18-cv-252-DPJ-FKB

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
U.S. Securities and Exchange Commission
950 East Paces Ferry Road, N.E., Suite 900, Atlanta, GA 30324

### DEFENDANTS
ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES,
LLC

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Madison Co., MS
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
APR 20 2018
ARTHUR JOHNSTON
DEPUTY

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
W. Shawn Murnahan (ph: 404-842-7669), M. Graham Loomis
U.S. Securities and Exchange Commission
950 East Paces Ferry Road, N.E., Suite 900, Atlanta, GA 30324

Attorneys *(If Known)*
John M. Colette, 109 E. Capitol Street, Suite 475, Jackson, MS 39201
(601) 335-6277

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☒ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 77q(a), 15 U.S.C. § 78j(b), and 17 C.F.R. § 240.10b-5
Brief description of cause:
Violations of the antifraud provisions of the federal securities laws

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____    DOCKET NUMBER _____

DATE: 04/20/2018
SIGNATURE OF ATTORNEY OF RECORD: s/ W. Shawn Murnahan

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE